## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 08-332-08 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DALLAS MURPHY MCCLARTY JR. (08) | MAGISTRATE JUDGE PATRICK J. HANNA |

### MEMORANDUM RULING

Before the Court is Defendant Dallas McClarty's ("McClarty") motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes the motion.[2] For the following reasons, McClarty's motion is **DENIED**.

### I.    Background

Through the mid-2000s, McClarty coordinated the transport of sizeable amounts of cocaine and marijuana in Louisiana.[3] In February 2010, he pleaded guilty to conspiracy to possess with intent to distribute controlled substances.[4] At his sentencing, McClarty had an offense level of 34 and a criminal history category of VI.[5] As a result, the guideline range suggested a prison term from 262 to 327 months.[6] District Judge Richard Haik nonetheless sentenced McClarty to 120 months imprisonment and five years of supervised release.

---

[1] Record Document 522.
[2] Record Document 524.
[3] Record Document 425, at 7.
[4] Record Document 297.
[5] Record Document 425, at 15.
[6] *Id.*

For over eight years, McClarty served this sentence at FCI Oakdale, a low security prison managed by the Bureau of Prisons ("BOP").  But in June 2020, after he contracted COVID-19, the BOP transferred McClarty to home confinement in Franklin, Louisiana.[7]  Now, despite his home confinement status, McClarty requests that the Court reduce his sentence to a term of time-served and to lift all future supervised release requirements.[8]  McClarty argues he is entitled to this relief because his circumstances prove extraordinary and compelling.[9]  He points in particular to his impending release in March 2022, his demonstrated rehabilitation, and the inconveniences posed by home confinement to both him and his family.[10]  He further argues that even if none of these individual reasons prove extraordinary or compelling, taken together, they meet the requisite threshold.

## II.   Law and Analysis

### A. Exhaustion of Remedies

Historically, only the Director of the BOP could file a motion to reduce an inmate's sentence.  *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5193, 5239.  After the First Step Act of 2018, however, a court may consider compassionate release motions directly from prisoners.  18 U.S.C. § 3852(c)(1)(A).  But before a prisoner pursues compassionate release through a district court, he must first

---

[7] Record Document 522, at 3.
[8] *Id.* at 1−3.
[9] *Id.* at 1−3.
[10] *Id.* at 1.

exhaust all administrative remedies or wait for a lapse of thirty days from the time he files his request with the warden.  *Id.*

As the Government concedes,[11] McClarty has satisfied this claim processing requirement.  Attached to his motion for compassionate release are two letters to prison officials–one dated April 6, and the other, April 15, 2020.[12]  In these letters, McClarty requests home confinement, compassionate release, or a sentence reduction.[13]  More than thirty days after receipt, the warden acknowledged McClarty's correspondence but denied his requests.[14]  Over a year later, McClarty filed the motion here for compassionate release.[15]  McClarty thus waited the necessary 30 days after his request to the warden, and as a result, the Court may properly consider his motion.

### B. Extraordinary and Compelling Reasons

While a court generally "may not modify a term of imprisonment once it has been imposed," there are a few exceptions.  18 U.S.C. § 3582(c).  One exception, for example, allows a court to reduce an inmate's sentence when the inmate provides "extraordinary and compelling reasons" to justify a sentence reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  To assist in determining what constitutes an extraordinary or compelling reason, the Sentencing Commission provides a blueprint that elucidates four circumstances that may justify reducing a prison term; they include: (1) defendant's medical condition; (2) defendant's age; (3) family circumstances; or (4)

---

[11] Record Document 524, at 2.
[12] Record Document 522-1, at 1, 3.
[13] *Id.* at 1.
[14] *Id.* at 2, 4.
[15] Record Document 522.

other reasons.[16]  U.S.S.G. § 1B1.13, cmt. n.1.  Although these four categories are not binding, they may serve as a guide to help courts analyze whether they should warrant a sentence reduction.  *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied,* 210 L. Ed. 2d 843 (May 24, 2021); *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).  Still, the inmate bears the burden of showing why a reduction is justified.  *See United States v. Clark*, 451 F. Supp. 3d 651, 656 (M.D. La. 2020).

To carry this burden, McClarty's motion presents several reasons for compassionate release.  Yet, these reasons largely differ from those first offered to the warden.  For instance, when McClarty first petitioned Oakdale, he urged release based on his asthma diagnosis and Oakdale's struggle with COVID-19.[17]  He also noted his status as a single child and his inability to aid his ailing and elderly mother, a claim that he re-urges in the present motion.[18]  At the time he petitioned the prison, however, McClarty indicated he was open to home confinement as an alternative to compassionate release.[19]  Although the warden denied these initial requests, the BOP eventually placed McClarty on home confinement in June 2020 after he contracted COVID-19.[20]  McClarty is, therefore, no longer incarcerated at Oakdale and instead is

---

[16] "'Other reasons' is a catchall category defined as 'extraordinary and compelling reasons other than, or in combination with' medical condition, age, or family circumstances as 'determined by the Director of the Bureau of Prisons.'"  *United States v. Corbeil*, No. 08-93, 2021 WL 307291, at *2 (W.D. La. Jan. 29, 2021) (quoting U.S.S.G. § 1B1.13, cmt. n.1(D)).

[17] Record Document 522-1, at 1, 3.

[18] *Id.*

[19] *Id.* at 1.

[20] Record Document 522, at 3.

serving the remainder of his sentence with family in Franklin, Louisiana.  This arrangement now allows McClarty freedom from a crowded prison and−as McClarty himself notes−the ability to remain "in constant contact with his mother" and provide her frequent care.[21]  Considering these facts, and even if McClarty's initial concerns about a COVID-19 outbreak or his mother were extraordinary or compelling, they are now moot.

To the extent the Court may consider McClarty's new and remaining claims in his motion for compassionate release,[22] they do not impress the Court as extraordinary or compelling.  McClarty now argues that his new employer's requirements and family entanglements prove burdensome under home-confinement.[23]  Regarding his employment, for example, McClarty claims he took advantage of BOP programs that helped train him for a truck-driving career and financial stability.[24]  He now wishes to use these skills to build a better life and take on greater responsibility at work.[25]  But instead, he argues, travel and drug testing restrictions interfere with his personal and professional advancement.[26]  Regarding his growing immediate family, on the other hand, McClarty claims he has an interest in developing a more prominent role

---

[21] *Id.* at 8.
[22] *See, e.g.*, *United States v. Pierre*, No. 17-132, 2021 WL 3509685, at *2−3 (E.D. La. Aug. 10, 2021) (holding that when an inmate includes different allegations in a motion to the court than those in the initial request to the warden; the claims are new and the exhaustion requirement is not satisfied); *United States v. Samak*, No. 91-189, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020) (same).
[23] Record Document 522, at 12.
[24] *Id.* at 9−10.
[25] *Id.*
[26] *Id.* at 12.

as a father and grandfather.[27]  Yet, travel limitations prevent McClarty from visiting his children and their families regularly.  These reasons coupled with his proclaimed rehabilitation and impending release, he claims, negate the need for continued supervision and justify compassionate release.  The Court disagrees.

While the Court commends McClarty on pursuing a career and is sympathetic to his desire to create a family-centered and lawful lifestyle, it is not inclined to view these circumstances as exceptional.  McClarty's reasons, specifically, are unaligned with the non-binding, but influential Sentencing Commission categories.  For example, while McClarty relies on his family impediments as a reason for release, courts typically grant release for "family circumstances" when the inmate is the only caregiver to his children or spouse.  *See United States v. White*, No. 16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021); *United States v. Bennett*, No. 09-177, 2021 WL 4774914, at *4 (E.D. La. Oct. 13, 2021).  This is not the case for McClarty; his children are older with families of their own, and he does not mention a spouse.  He is likewise unable to craft a case around the remaining Sentencing Commission categories.  Notably, McClarty is only 48 years old and not suffering from a significant illness.

Even aside from the non-binding categories, the Court does not find his reasons compelling on their individual or combined merits.  McClarty, in fact, obtained the relief he initially sought−home confinement−and the inconveniences posed by its surveillance do not justify compassionate release; they are rather necessary facets of McClarty's sentence.

---

[27] *Id.* at 9−10.

### III.    Conclusion

In sum, McClarty is unable to satisfy his burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.  Although the Court does not wish to minimize the significance of his family struggles or his lifestyle and career roadblocks, the Court does not have carte blanche to release whomever it chooses.  Instead, each defendant must demonstrate how his release is appropriate under the narrow statutory framework to which the Court must adhere.  Unfortunately for McClarty, he has not done so.

Accordingly, McClarty's motion for release is **DENIED**.

**THUS DONE AND SIGNED** this 15th day of November, 2021.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE